THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CHARLES J. DRYDEN, Appellant.

(Argued November 26, 1928; decided December 31, 1928.)

*John J. Curtin* and *Wesley S. Sawyer* for appellant. The forged check was uttered in New Jersey and defendant was erroneously convicted of uttering the same in New York. (*Rex* v. *Collicott,* Russ. & R. 212; 4 Taunt. 300; *People* v. *Rathbun,* 21 Wend. 509; *People* v. *Werblow,* 241 N. Y. 55.) The trial court committed error in excluding and interfering with cross-examination by defendant's attorney; in making disparaging and contemptuous remarks about defendant's case and attorney; in threatening defendant's attorney with punishment, and in assisting the People's case and appearing as opposed to the defense and as an advocate of conviction. (*Sarconi* v. *122 W. 26th St. Corp.,* 241 N. Y. 340.) It was reversible error for the court to participate in the prosecution and make statements which were prejudicial to defendant's case and attorney. (*People* v. *Hill,* 37 App. Div. 327; *People* v. *Mayer,* 132 App. Div. 646; *Peterson* v. *Eighmie,* 175 App. Div. 113; *Kleinert* v. *Federal Brewing Co.,* 107 App. Div. 485; *People* v. *Brow,* 90 Hun, 509.)

*Joab H. ·Banton, District Attorney (Robert C. Taylor, Albert B. Unger* and *Edwin B. McGuire* of counsel), for respondent. The forged check was uttered in New York county. (*People* v. *Rising,* 207 N. Y. 195; *People* v. *Zayas,* 217 N. Y. 78; *People* v. *Werblow,* 241 N. Y. 55; *People* v. *Moran,* 123 N. Y. 254; *People* v. *Gardner,* 144 N. Y. 119; *People* v. *Sullivan,* 173 N. Y. 122; *People* v. *Collins,* 234 N. Y. 355; *People* v. *Sobieskoda,* 235 N. Y. 411; *People* v. *Rizzo,* 246 N. Y. 334; *People* v. *Buckley,* 91 App. Div. 586; *People* v. *Bloom,* 149 App. Div. 295.) The defendant received a fair trial. The rulings of the trial court were proper. No error appears in the court's charge. (*People* v. *Bresler,* 218 N. Y. 567; *McCarney* v. *People,* 83 N. Y. 408; *People* v. *Decker,* 143 App. Div. 590; *People* v. *Webster,* 139 N. Y. 73; *People* v. *Tice,* 131 N. Y. 651; *People* v. *Braun,* 158 N. Y. 558.)

*Per Curiam.* The forged check, in form drawn upon a New York city bank, was delivered in New Jersey to an innocent payee, with the intent that the check should be presented in New York city for payment and there paid. It was so presented and paid. For these reasons, a majority of the members of the court entertain the view that the crime of uttering the forged check was partly committed in New York county. Other members think that the indictment having charged an uttering in New York county, necessarily charged possession in New York with intent to utter; consequently, that within the terms of the indictment the crime of uttering was committed in New York. (Penal Law, sec. 883.) All agree that defendant was properly indicted and tried in New York county. That the trial judge, upon various occasions throughout the trial, commented upon the conduct of the case by the defendant's counsel, in language which was intemperate and entirely unbecoming in a judicial officer, cannot be doubted. We believe that he would concur in that belief if he were to read his remarks

over now that the heat of the trial has ended. We have carefully examined the record and have found no word uttered by defendant's counsel, and no act performed by him, which merited rebuke. Were the case a doubtful one we should have no hesitation in reversing the judgment for these or like remarks if made in such circumstances as to constitute error of law. However, we have found that the case made against the defendant was so well fortified by the evidence that no reasonable doubt of guilt could have been entertained by the jury. A verdict of acquittal would have involved a clear case of a miscarriage of justice. We feel constrained, therefore, to affirm the judgment.

The judgment of conviction should be affirmed.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment affirmed.